IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| TATTOO ART, INC., <br> A Virginia Stock corporation, <br><br> Plaintiff <br><br> v. <br><br> TAT INTERNATIONAL, LLC, <br> A Michigan Limited Liability Company, <br><br> <u>Serve</u>: <br> Tat International, LLC <br> Kirk A. Knapp, Registered Agent <br> 9658 - 60th Street <br> Alto, Michigan 49302 <br><br> and <br><br> Kirk A. Knapp, Individually, <br><br> <u>Serve</u>: <br> Kirk A. Knapp <br> 9658 - 60th Street <br> Alto, Michigan 49302 <br><br> and <br><br> RASER, INC., <br> Trading as WMIS INTERNET, <br> A Michigan Corporation, <br><br> <u>Serve</u>: <br> Raser, Inc. T/a WMIS Internet <br> Robert Servis, Registered Agent <br> 2007 Eastcastle Drive, SE <br> Grand Rapids, Michigan 49508 <br><br> Defendants. | Civil Action No. 2:09cv314 |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER
RULES 12(b)(1) AND 12(c) AND FOR COSTS AND ATTORNEYS' FEES**

## I. INTRODUCTION AND RELEVANT FACTS

The Plaintiff filed its Complaint alleging breach of a license agreement dated December 29, 2005 ("License Agreement") and copyright infringement. Article XIII of the License Agreement, attached as **Exhibit 1**, provides in part:

> In the event of *any* dispute *arising* from this Agreement the parties agree to submit the dispute to mediation in Virginia Beach, Virginia *prior* to filing any action to enforce the Agreement. In the event that Licensee refuses mediation or mediation is unsuccessful, Licensee consents and agrees to in personam jurisdiction and venue in the United States District Court for the Eastern District of Virginia.

(emphasis added).

Contrary to this unambiguous provision, Plaintiff filed its Complaint without first submitting the disputes arising under the License Agreement to mediation as required. The Defendants communicated with the Plaintiff on September 25, 2009 both by e-mail and correspondence demanding that the Complaint be dismissed pursuant to Article XIII of the License Agreement. (*See* correspondence attached as **Exhibit 2.**) Despite this demand, Plaintiff refused to dismiss the Complaint and mediate this matter. As such, the Defendants were required to retain local counsel and file responsive pleadings in accordance with the agreed order extending the time for filing responsive pleadings (attached as **Exhibit 3**).

The Defendants' Answer [Dkt. No. 14], attached as **Exhibit 4**, asserts that this matter should be dismissed and sent to mediation under the License Agreement (in addition to denying that there is a written agreement between the parties at all).[1] The Defendants also have asserted the contract provision for mediation in their Affirmative Defenses.

---

[1] Defendants have stated as a defense that Plaintiff has attached an agreement to the Complaint that fails to include certain material, specific changes agreed to by the parties in inducing the defendants' corporation to sign the agreement. In all instances, however, the parties agreed that any disputes under either agreement would be sent to mediation prior to any lawsuit being filed.

## II.  ARGUMENT

The License Agreement provides for "mediation of any dispute arising from this Agreement. . . ." The provision requires mediation as a condition precedent to "filing *any* action to enforce this Agreement." (emphasis added). Only after either the Defendants refuse to mediate or the mediation is unsuccessful, may a party file an action. As a result, this court lacks subject matter jurisdiction to hear and decide this matter until such a mediation is completed.[2]

The License Agreement does not specifically provide for arbitration under the Federal Arbitration Act ("FAA"), but does require alternative dispute resolution as an express, unambiguous term of the agreement and as a component of the consideration underlying the enforceability of the of that agreement. In similar circumstances, federal courts have routinely and presumptively invoked the FAA's policy to require arbitration as an effectuation of the parties' intent for resolving disputes. The term is a matter of contract interpretation and enforcement. *AMF Inc. v. Brunswick Corp.*, 621 F. Supp. 456, 460 (E.D. N.Y. 1985); *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319-20 (4th Cir. 2001).

Courts have interpreted any expressed intent to resolve disputes alternatively in a contract as "arbitration" with the meaning of the FAA. Indeed, in *AMF,* the court held that: "[I]f the parties have agreed to submit a dispute for a decision by a third party, they have agreed to arbitration." 621 F. Supp. at 460. As a result, courts have considered various dispute resolution protocols as "arbitration" for purposes of the FAA. Understanding that arbitration includes all methods of third party dispute resolution, courts have distinguished "mandatory arbitration as a prerequisite to

---

[2] A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction challenges the court's authority to hear and decide this case. While typically used in matters where there is a challenge to the federal question or diversity jurisdiction of the court, Rule 12(b)(1) is a flexible rule that rule "often serv[es] as a vehicle for raising various residual defenses" such as the failure to exhaust administrative remedies, the lack of standing, or sovereign immunity. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil 2d §1350 (2d ed.1990). As an alternative, the Court also may dismiss this matter based on a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

initiation of litigation" from "binding arbitration, where the parties must accept an award or decision of the arbitrator." *Bankers Ins.*, 245 F.3d at 322. In this matter, there can be no doubt that the parties are bound to mediate before initiating any actions arising under the agreement.

The FAA represents the "liberal federal policy favoring arbitration agreements" and "any doubts concerning the scope of arbitrable issues should he resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 ( 1983); *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001). Where, as here, such an agreement exists, this Court has relied on the same authority in holding that provisions for alternative dispute resolution in a contract are to be liberally construed and enforced as a prerequisite to litigation. *See, e.g.*, *Parisi v. Netlearning, Inc.*, 139 F. Supp. 2d 745 (E.D. Va. 2001). The standard of review for the enforcement of an arbitration provision is stated as follows: ". . . the heavy presumption of arbitrability requires that when the scope of arbitration clause is open to question, a court must decide the question in favor of arbitration." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co*. 867 F.2d 809, 812 (4th Cir. 1989).

Here, the License Agreement broadly defines the scope of mediation/arbitration, as "any dispute arising under this Agreement." There can be no question that Count One, breach of contract, arises under the License Agreement. The allegations of copyright infringement under Count Two likewise arise under the License Agreement as they relate to the grant of rights under that agreement. Moreover, any doubt should be resolved in Defendants' favor given the "presumption" in favor of binding arbitration as a condition before filing a lawsuit. Infringement is certainly within the possible range of claims that could arise from the licensed use of copyrighted property under an agreement.

Nor have Defendants waived their right to arbitration by filing their first responsive pleading before filing this motion to dismiss requesting dismissal and mediation. The Defendants clearly

preserved this claim by demanding mediation first and by restating this demand in their responsive pleadings and this Court always may dismiss a matter for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). In an analogous circumstance, a contract request to mediate was found *not* to have been waived on the basis of mere delay. *See Mercury Constr. Corp. v. Moses H. Cone Mem'l Hosp.* (*In re Mercury Constr. Co.*), 656 F.2d 933 (4th Cir. 1981), *aff'd,* 460 U.S. 1 (1983). Similarly, the filing of responsive pleadings, *including a counter-claim,* was found to not constitute waiver. *Carolina Throwing Co. v. S&E Novelty Corp.* 442 F.2d 329, 330 (4th Cir. 1971).

Waiver of the arbitration provision must include a demonstration by the objecting party of actual prejudice. *See generally, Maxum Founds., Inc. v. Salus Corp.* 779 F.2d 974 (4th Cir. 1985). Because of the early stage of this matter, the Plaintiff will not be prejudiced by dismissal. On the other hand, the Defendants have been prejudiced by the Plaintiff's failure and refusal to voluntarily dismiss to mediate as expressly agreed in the License Agreement. As a result of Plaintiff's disregard of this express and unambiguous provision, the Defendants were required to retain local counsel and to expend significant attorneys' fees responding to the Complaint and preparing and filing this Motion to Dismiss.

Once this matter is dismissed, this Court also should award the Defendants their costs and attorneys' fees under the express provisions of the License Agreement. Under Article XVI of the License Agreement, Plaintiff agreed that: "In any action to enforce… this Agreement, the prevailing party shall be entitled to costs and reasonable attorneys' fees incurred thereby." Plaintiff knew mediation was a prerequisite to filing suit under the agreement that underlies all of its claims; rather than comply, it chose to file this action in blatant violation of the express, unambiguous terms of the agreement. As a result, plaintiffs have caused Defendants to incur substantial fees preparing responsive pleadings and prosecuting this motion. The Court should order the Plaintiff to pay all of these costs and attorneys' fees to Defendants. Defendants have filed a partial listing of their

expenses to date but expect to incur more as this motion proceeds. *See* Affidavit of Charles S. Rominger at p. 4.

### III. CONCLUSION

For the above reasons, the Defendants respectfully request this Court to dismiss Plaintiff's Complaint, compel the parties to mediation, and award the Defendants all costs and actual attorneys' fees incurred.[3]

Dated: October 27, 2009

Respectfully submitted,

  /s/ Stephen E. Noona
Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

*Of counsel*
Charles S. Rominger, Jr.
DILLEY & ROMINGER, PLC
990 Monroe Avenue, NW
Grand Rapids, MI 49503
Telephone: (616) 454-9200
Facsimile: (616) 454-9599

*Counsel for Defendants TAT International, LLC and Kirk A. Knapp*

---

[3] The Defendant has attached an Affidavit of Charles S. Rominger in support of its fees but will supplement this affidavit with additional fees and supporting materials once the Court directs that fees should be awarded.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

        Mark R. Baumgartner, Esq.
        VSB No. 45171
        PENDER & COWARD, P.C.
        222 Central Park Avenue, Suite 400
        Virginia Beach, VA  23462-3026
        Telephone:  (757) 490-3000
        Facsimile (757) 497-1914
        mbaumgar@pendercoward.com

        *Counsel for Plaintiff*

        Ethan G. Ostroff, Esq.
        VSB No. 71610
        TROUTMAN SANDERS LLP
        222 Central Park Avenue, Suite 2000
        Virginia Beach, VA  23462
        Telephone: (757) 687-7500
        Facsimile: (757) 687-7510
        ethan.ostroff@troutmansanders.com

        *Counsel for Defendant Raser, Inc.*

          /s/ Stephen E. Noona
        Stephen E. Noona
        VSB No. 25367
        KAUFMAN & CANOLES, P.C.
        150 West Main Street, Suite 2100
        Norfolk, VA  23510
        Telephone:  (757) 624-3000
        Facsimile:   (757) 624-3169
        senoona@kaufcan.com

        *Counsel for Defendants TAT International, LLC and Kirk A. Knapp*

1548487\2